IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON A. GOULD, | ) | CASE NO. 1:13 CV 676 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CORRECTIONS CORPORATION | ) | |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Jason A. Gould filed the above captioned action against the Warden and unknown medical staff of Lake Erie Correctional Institution in Conneaut, Ohio ("LaECI") and the operator of the prison, Corrections Corporation of America (CCA)[1] pursuant to 42 U.S.C. § 1983. The Complaint alleges defendants were deliberately indifferent to plaintiff's serious medical needs. (ECF #1). Plaintiff seeks monetary and injunctive relief. For the reasons below, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e).

## Background

Gould is presently incarcerated in the Richland Correctional Institution in Mansfield, Ohio (RiCI). He alleges he suffers from Type II diabetes and high cholesterol and that, prior to 2010, he was prescribed Metformin for treatment of high blood glucose levels, Zocar to control his

---

[1] Although the caption of the Complaint identifies only Corrections Corporation/Lake Erie Correctional Institution as a Defendant, Plaintiff indicates in Section III of his Complaint that he is suing the "Lake Erie Warden and Staff Unknown," as well as "Medical staff unknown" and Corrections Corporation of America. (ECF #1 at 3).

cholesterol, and aspirin as a blood thinner. In 2010, he contends the medical staff at LaECI discontinued all of his medication with "final approval by Doctor Swanson." (ECF #1 at 4).

On March 26, 2012, Gould complained to Corrections Officer (C.O.) Gerhart about swelling and discoloration in his left calf.[2] C.O. Gerhart submitted two health services request forms indicating Gould was in pain and describing his condition as worsening. Five days later, Gould's left calf had swollen to a circumference approximately two inches larger than his right calf and had "r[a]ised in temperature[,]" rendering him unable to walk. (Id.). He was then transported by wheelchair to the prison medical facility, where he informed the medical staff that he had a "chronic ailment," but they "misdiagnosed" him as having a sprained ankle and sent him back to his cell. (Id.). After another two days of continued pain and swelling, prison staff transported Gould to a hospital, where he underwent treatment for a blood clot. (Id.). Four days later, he returned to LaECI and was placed in the prison medical facility for continued treatment.

The Complaint alleges that Gould complained about his leg for the next several months and "was put back on Zocar and aspirin because [he] should have never been taken off." (Id.). He contends defendants' "negligence" and "indifference" has caused him "irreparable damage" to his leg. (Id. at 4-5). He alleges the swelling in his left calf has not subsided, and that but for Defendants' failure to provide him with Zocar and aspirin, he would not have suffered a blood clot in his leg in the first instance. Further, he asserts defendants' delay in treating his blood clot caused an infection in his leg and placed him in "imminent danger of death" due to the increased risk of stroke or heart attack from the possible migration of the clot to his brain or heart. He seeks

---

[2] While the Complaint indicates the swelling in Plaintiff's leg first presented itself on March 26, 2013, this appears to be a typographical error. The health services request forms and informal complaint resolution forms regarding Plaintiff's ailment, which Plaintiff attached to his Complaint, are each dated 2012.

monetary damages from defendants in their official and individual capacities, as well as an order compelling defendants "to revise their policy for those prisoners with chronic medical conditions." (*Id.* at 5).

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## Discussion

In his sole claim, plaintiff alleges defendants were deliberately indifferent to his medical needs. To establish a *prima facie* case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

As a preliminary matter, the Complaint does not state a cause of action against the Warden. It is well established that § 1983 will not support a claim based upon a theory of *respondeat superior* alone. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Supervisory officials may be deemed liable for the unconstitutional actions of subordinates only when those actions are the result of official policies or customs. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *Monell* extends to patterns of misconduct in which the supervisor acquiesced. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869 (6th Cir. 1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (requiring a showing that the supervisor encouraged the specific misconduct or in some way directly participated in it). The Complaint contains no allegations connecting the Warden to the asserted violations of Gould's federally protected rights, or reasonably suggesting that the Warden encouraged, acquiesced in, or established policies resulting in the violation of such rights. Accordingly, Gould's claim against the Warden is dismissed.

The Complaint also names as defendants, the private prison, CCA, and its unidentified medical employees. As an institution housing state prisoners, there is no doubt that CCA and its employees acted under color of law for purposes of § 1983. *See Cook v. Martin*, 148 F. App'x 327 at 339 (6th Cir. 2005); *Gonzalez–Barrera v. Corr. Corp. Of Am.*, No. 4:09CV1806, 2009 WL 3261623, at *1 (N.D. Ohio Oct. 8, 2009). Nevertheless, the Complaint fails to show that

these defendants deprived Gould of rights, privileges, or immunities secured by the Constitution or laws of the United States.

The Eighth Amendment protects prison inmates against deliberate indifference to their serious medical needs, regardless of how that deliberate indifference is evidenced. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). The Sixth Circuit has repeatedly discussed the standard applied to claims such as that raised by Gould.

> In order to hold a prison official liable for an Eighth Amendment violation, a plaintiff must demonstrate that the official acted with deliberate indifference to the inmate's safety. Deliberate indifference is comprised of both an objective and a subjective component. The objective component requires that the deprivation alleged be sufficiently serious, while the subjective component requires a plaintiff to establish that the government officials had a sufficiently culpable state of mind.
>
> To establish the subjective component, the plaintiff must establish that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Cardinal v. Metrish*, 564 F.3d 794, 801-02 (6th Cir. 2009) (citations, quotations, and alterations omitted).

Assuming without deciding that the Complaint's allegations satisfy the objective component required for a deliberate indifference claim, Gould has failed to satisfy the subjective component of his claim. The subjective component requires that plaintiff demonstrate the prison staff's awareness of "facts from which the inference could be drawn that a substantial risk of serious harm existed[.]" *Id.* at 802. Gould can satisfy this burden through facts and inferences drawn from circumstantial evidence. *Id.* at 842. Furthermore, this Court can find subjective knowledge based

on the obviousness of the risk. *Id.*

The subjective component of a court's analysis exists "to prevent the constitutionalization of medical malpractice claims[.]" *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Accordingly, negligence in diagnosing and treating a medical condition does not constitute unconstitutional deliberate indifference. *See Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). Similarly, prison medical staff who provide careless or ineffective treatment may have engaged in medical malpractice, but cannot be found to be unconstitutionally deliberately indifferent. *Comstock*, 273 F.3d at 703. "If a prison official knew of a risk to inmate health or safety, and reasonably responded to the risk, that official is free from liability, even if he failed ultimately to prevent harm." *Bertl v. City of Westland*, No. 07-2547, 2009 WL 247907, at *5 (6th Cir. Feb. 2, 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)). Accordingly, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims [that] sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

In his Complaint, Gould alleges he suffered from a blood clot in his left leg due to untreated high cholesterol. Gould states he was seen by the prison medical staff, who initially misdiagnosed the pain and swelling in his calf as a sprained ankle, but he admits that he was later transported to an outside hospital for inpatient treatment. Further, he indicates he received continued treatment from the medical staff at LaECI following his hospitalization and that he was subsequently provided Zocar and aspirin to treat his condition. Gould insists defendants should not have removed him from those medications in the first place and that they acted with deliberate indifference when they delayed sending him to the hospital after notified them of his leg condition and history of

elevated cholesterol.

Construing plaintiff's *pro se* filing in a liberal manner and giving the Complaint the strongest arguments that it could suggest does not save this matter from dismissal. "[D]eliberate indifference requires more than mere negligence or medical malpractice." *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (citing *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008)). Gould's Complaint acknowledges he has received treatment for his condition. His current Complaint is little more than his own subjective disagreement with the course of treatment chosen by the prison officials.

In reaching its conclusion, the Court finds the following to be persuasive:

> Plaintiff alleges that [Defendants] gave him the wrong medications, misdiagnosed his systemic lupus erythematosus as a fungus or skin infection, and should have referred him to a specialist. (Am. Compl., ¶¶ 48, 49). Plaintiff's allegations that these three treating medical professionals "should have" provided him with "different" medical care and referred him to someone with greater specialization in a particular area are at best, state-law malpractice claims. Plaintiff's disagreement with defendants' diagnosis and treatment falls far short of supporting an Eighth Amendment claim.

*Barney v. Corr. Med. Servs., Inc.*, No. 1:08–cv–694, 2009 WL 3711612, at *10 (W.D. Mich. Nov. 3, 2009).

Similar to the plaintiff in *Barney*, Gould has done little other than allege he subjectively believes he should have been provided with medications to treat his high cholesterol during the approximately two years preceding the presentation of a blood clot in his leg and that he should have been referred to an outside hospital sooner upon the onset of pain and swelling in his leg. "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of

incompetence which does not rise to the level of a constitutional violation." *Comstock*, 273 F.3d at 703. Assuming the strongest possible inferences from Gould's Complaint, he has at best pleaded facts that would support simple negligence, i.e., medical malpractice. *See Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006) (failure to diagnose blood clot resulting from state prisoner's vascular condition and delay in providing prescribed medication and treatment could not constitute a constitutional violation); *Archer v. Simmons*, 128 F. App'x 716, 718-19 (10th Cir. 2005) (state prisoner's allegation that prison doctor's failure to prescribe a blood thinner led to a dangerous blood clot that was later discovered and treated, amounted to a claim of negligence at most, not deliberate indifference); *see also Dotson v. Wilkinson*, 477 F. Supp. 2d 838, 849 (N.D. Ohio 2007) (state prisoner failed to state a claim for deliberate indifference regarding prison doctor's allegedly inappropriate diagnoses and treatment of his Hepatitis C). Accordingly, Gould's deliberate indifference claims against CCA and its unidentified medical employees must be dismissed.

Finally, to the extent Gould seeks injunctive relief against CCA and LaECI officials, his claim is moot. The Complaint indicates that he is no longer incarcerated at LaECI and, instead, is presently imprisoned at RiCI. In *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996), the Sixth Circuit held that a prisoner's claim for declaratory and injunctive relief against certain prison officials became moot once the prisoner was transferred from the prison of which he complained to a different facility. Accordingly, Gould's claim for an order compelling defendants to revise their treatment policies is moot.

### Conclusion

Accordingly, for all the foregoing reasons, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e), without prejudice to any valid state law claims plaintiff may have against

defendants under the facts alleged. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

       IT IS SO ORDERED.

                                       /s/ Donald C. Nugent
                                       DONALD C. NUGENT
                                       UNITED STATES DISTRICT JUDGE

Dated: __October 29, 2013___

---

[3] 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."